**Myron M. AMATO, Petitioner-Appellee,**

**v.**

**Archie H. DIVINE, Jr., Sheriff of Rock County, Wisconsin, Respondent-Appellant.**

**No. 73–1373.**

United States Court of Appeals, Seventh Circuit.

Argued Sept. 25, 1973.

Decided March 12, 1974.

**442**

Robert W. Warren, Atty. Gen., Thomas J. Balistreri, Asst. Atty. Gen., Madison, Wis., for respondent-appellant.

James A. Walrath, Milwaukee, Wis., for petitioner-appellee.

Before SWYGERT, Chief Judge, KNOCH, Senior Circuit Judge and CAMPBELL, Senior District Judge.*

PER CURIAM.

This is an appeal from a district court order granting the petition of Myron M. Amato for a writ of habeas corpus.

Petitioner was convicted by the County Court of Rock County, Wisconsin, on two counts of selling obscene material in violation of Wisconsin Statutes, § 944.-21(1)(a). Petitioner was sentenced to pay fines of $3000.00 and $2000.00, respectively, or in default thereof, to serve consecutive six-month and 120 day sentences in the county jail. The convictions were affirmed by the Supreme Court of Wisconsin, State of Wisconsin v. Amato, 49 Wis.2d 638, 183 N.W.2d 29 (1971) and certiorari was subsequently denied by the United States Supreme Court, 404 U.S. 1063, 92 S.Ct. 735, 30 L.Ed.2d 751 (1972).

In the district court, petitioner submitted as evidence four magazines which the United States Supreme Court had previously determined as a matter of law to be not obscene,[1] and argued that the content of the materials sold by petitioner differed in no material way from the content of those publications. Petitioner argued that, accordingly, the publications involved in his conviction were not obscene.

The district court agreed, stating that:

> "[T]he publications before me and those involved in *Bloss, Burgin*, or

---

* Senior District Judge William J. Campbell of the Northern District of Illinois is sitting by designation.

1. The publications compared and the decisions under which they were declared not obscene as a matter of law are: (1) Gigi (1968 Tudor House, Inc.)—Bloss v. Dyke- ma, 398 U.S. 278, 90 S.Ct. 1727, 26 L.Ed.2d 230 (1970); (2) Togetherness (1969 Tudor House, Inc.) and Flesh Fantasy—Burgin v. South Carolina, 404 U.S. 806, 92 S.Ct. 46, 30 L.Ed.2d 39 (1971); and (3) The Ballers, No. 1—Wiener v. California, 404 U.S. 988, 92 S.Ct. 534, 30 L.Ed.2d 539 (1971).

*Wiener* fall into sets so readily identifiable, so standardized, that the comparison within the sets is similar to the comparison between two 1929 Model A Ford sedans or between two queens of hearts from two sets of playing cards produced in a single batch on a single day by a single manufacturer."

The Court reasoned that *Bloss, Burgin* and *Wiener* were reversed on the basis of Redrup v. New York, 386 U.S. 767, 87 S.Ct. 1414, 18 L.Ed.2d 515 (1967), in which the Supreme Court issued a *per curiam* opinion reversing criminal convictions relating to the distribution of obscene material, on the basis of the obscenity tests set forth in Roth v. United States, 354 U.S. 476, 77 S.Ct. 1304, 1 L.Ed.2d 1498 (1957) and Memoirs v. Massachusetts, 383 U.S. 413, 86 S.Ct. 975, 16 L.Ed.2d 1 (1966). The court concluded that "the close similarity between the magazines approved by the Supreme Court of the United States and received in evidence in this case, and the magazines for which petitioners were convicted requiries me to find that the latter magazines are not obscene as a matter of law."

Subsequent to the district court's decision in this case, the Supreme Court decided Miller v. California, 413 U.S. 15, 93 S.Ct. 2607, 37 L.Ed.2d 419 (1973); Paris Adult Theatre I v. Slaton, 413 U.S. 49, 93 S.Ct. 2628, 37 L.Ed.2d 446 (1973); Kaplan v. California, 413 U.S. 115, 93 S.Ct. 2680, 37 L.Ed.2d 492 (1973); United States v. 12 200-ft Reels of Super 8 MM Film et al., 413 U.S. 123, 93 S.Ct. 2665, 37 L.Ed.2d 500 (1973); and United States v. Orito, 413 U.S. 139, 93 S.Ct. 2674, 37 L.Ed.2d 513 (1973).

The *Miller* decision abandoned the *Memoirs* criteria for determining whether published material is obscene, and it is on the basis of *Miller* that we must now consider whether the petition for a writ of habeas corpus should have been granted.

*Miller* held that:

"The basic guidelines for a trier of fact must be: (a) whether 'the average person, applying contemporary community standards' would find that the work, taken as a whole, appeals to the prurient interest . . .; (b) whether the work depicts or describes, in a patently offensive way, sexual conduct specifically defined by the applicable state law, and (c) whether the work, taken as a whole, lacks serious literary, artistic, political, or scientific value. We do not adopt as a constitutional standard the '*utterly* without redeeming social value' test of Memoirs v. Massachusetts, 383 U.S. at 419, . . .".

With respect to statutes and regulations prohibiting the sale of obscene material, the court held that:

"State statutes designed to regulate obscene materials must be carefully limited. . . . As a result, we now confine the permissible scope of such regulation to works which depict or describe sexual conduct. That conduct must be *specifically defined* by the applicable state law, as written or authoritatively construed." (emphasis added) 413 U.S. at 23, 24.

Further in this regard, *Miller* advises that:

"Under the holdings announced today, no one will be subject to prosecution for the sale or exposure of obscene materials unless these materials depict or describe patently offensive 'hard core' sexual conduct *specifically defined* by the regulating state law, as written or construed." (emphasis added) 413 U.S. at 27.

■■ Just as the issue of whether the materials sold were obscene must be determined on the basis of *Miller*, so also the guidelines prescribed in *Miller* for determining whether the statute is unconstitutionally vague must be applied. And if the statute under which petitioner was prosecuted is unconstitutionally vague, the convictions cannot stand, irrespective of whether the materials were, in fact, obscene.

■ The statute in question proscribes the sale of materials which are

"lewd, obscene or indecent." It does not "specifically define" the sexual conduct prohibited, and quite obviously does not meet the standard annunciated in *Miller* for providing "fair notice to a dealer in such materials that his public and commercial activities may bring prosecution." 413 U.S. at 27.

Nor does the State argue to the contrary. Rather, the State contends that petitioner is precluded from raising the statute's unconstitutionality as an issue on appeal because he did not do so in the state courts or in his petition for habeas corpus relief.

■ As a general rule, a petitioner for habeas corpus relief must have presented constitutional claims to the state courts and fully exhausted state remedies as a prerequisite to raising such issues in federal court. However, the circumstances of the instant case present an exception to that rule, as well as to the limitations normally imposed upon this court with respect to scope of review.

■ First of all, we note that the constitutionality of § 944.21 had been upheld by the Wisconsin Supreme Court prior to petitioner's conviction, State v. Chobot, 12 Wis.2d 110, 106 N.W.2d 286 (1961), and that the vagueness standard which we apply today is based upon the *Miller* decision, which was rendered subsequent to the district court's decision granting the petition for habeas corpus relief.

More to the point, however, it would be an anomalous result were we to apply the *Miller* standard of obscenity with respect to the publications sold by Amato, while declining to apply the *Miller* standard for determining whether the statute he allegedly violated is unconstitutionally vague. The two standards are but parts of the same test—the materials must be found to be obscene and the obscenity statute must be specific enough to adequately apprise the defendant of the conduct proscribed.

We need not speculate as to whether the publications here involved could properly be considered obscene under a statute specific enough to withstand constitutional attack. We find § 944.21 to be unconstitutionally vague under the standards set forth in *Miller*, and on this basis alone, the judgment of the district court is affirmed.

Affirmed.