**Myron M. AMATO, Petitioner-Appellee,**

v.

**Archie H. DIVINE, Jr., Sheriff of Rock County, Wisconsin, Respondent-Appellant.**

**No. 73–1373.**

United States Court of Appeals, Seventh Circuit.

June 28, 1977.

Bronson C. La Follette, Atty. Gen., Thomas J. Balistreri, Asst. Atty. Gen., Dept. of Justice, Madison, Wis., for respondent-appellant.

James A. Walrath, Shellow & Shellow, Milwaukee, Wis., for petitioner-appellee.

Before KNOCH, Senior Circuit Judge, SWYGERT, Circuit Judge, and CAMP-BELL, Senior District Judge.*

PER CURIAM.

We affirmed an order of the district court granting a petition for a writ of habeas corpus on the basis that the Wisconsin obscenity statute, Wisconsin Statutes, § 944.21(1)(a), under which petitioner was convicted, was unconstitutionally vague. *Amato v. Divine,* 496 F.2d 441 (7th Cir. 1974). That decision was vacated and re-

---

* Senior District Judge William J. Campbell of the Northern District of Illinois is sitting by designation.

manded by the United States Supreme Court, 419 U.S. 1014, 95 S.Ct. 487, 42 L.Ed.2d 286 (1974), for further consideration in light of *Hamling v. United States,* 418 U.S. 87, 94 S.Ct. 2887, 41 L.Ed.2d 590 (1974) and *State ex rel. Chobot v. Circuit Court,* 61 Wis.2d 354, 212 N.W.2d 690 (1973). The facts underlying this appeal are set forth in *Amato, supra,* 496 F.2d at 442–443, and need not be repeated here. The district court's opinion is reported at 354 F.Supp. 805 (W.D.Wis.1973).

In *Chobot, supra,* 212 N.W.2d at 698, the Wisconsin Supreme Court authoritatively construed the word "obscene" in Wisconsin Statutes § 944.21(1)(a) to comport with the test for obscenity formulated in *Miller v. California,* 413 U.S. 15, 93 S.Ct. 2607, 37 L.Ed.2d 419 (1973). As so construed, the Wisconsin obscenity statute meets First Amendment standards and any objection to its constitutionality on vagueness grounds has been eliminated. *Id.,* at 24, n. 6, 93 S.Ct. 2607; *Hamling, supra,* 418 U.S. at 110–114, 94 S.Ct. 2887.

Our review of the history of this case indicates that petitioner's conviction had become final prior to the announcement of new standards for "isolating 'hard core' pornography from expression protected by the First Amendment," *Miller, supra,* 413 U.S. at 29, 93 S.Ct. at 2617, and, hence, petitioner is not entitled to any arguable constitutional benefit derived from *Miller. Hamling v. United States, supra; Marks v. United States,* 430 U.S. 188, 97 S.Ct. 990, 51 L.Ed.2d 260 (1977). Although the jury

was properly instructed as to the standards to be employed in determining the obscenity *vel non* of the publications[1] and found petitioner guilty of selling obscene material, that determination necessarily involved petitioner's First Amendment rights, and we are not foreclosed from independently reviewing the publications in question to determine whether or not they are obscene. *Roth v. United States,* 354 U.S. 476, 77 S.Ct. 1304, 1 L.Ed.2d 1498 (1957); *Jacobellis v. Ohio,* 378 U.S. 184, 84 S.Ct. 1676, 12 L.Ed.2d 793 (1964); *Jenkins v. Georgia,* 418 U.S. 153, 94 S.Ct. 2750, 41 L.Ed.2d 642 (1974).

We have made such an independent review, and agree with the district court that the publications for which petitioner was convicted cannot be distinguished in any meaningful way from those publications found by the Supreme Court not to be obscene.[2]

Accordingly, the order of the district court granting the petition for a writ of habeas corpus is hereby affirmed.

AFFIRMED.

---

1. The jury was instructed on the definition of obscenity as formulated in *Roth v. United States,* 354 U.S. 476, 77 S.Ct. 1304, 1 L.Ed.2d 1498 (1957) and as redefined and modified in *Memoirs v. Massachusetts,* 383 U.S. 413, 86 S.Ct. 975, 16 L.Ed.2d 1 (1966). At that point in time the meaning of "obscene" in Wisconsin Statutes § 944.21(1)(a) had been defined to reflect *Roth* and *Memoirs.* See: *State v. Chobot* (1960), 12 Wis.2d 110, 106 N.W.2d 286; *State v. Voshart* (1968), 39 Wis.2d 419, 159 N.W.2d 1.

2. The publications compared by the district court and the decisions under which they were declared not obscene as a matter of law are collected at *Amato v. Divine, supra,* 496 F.2d at 442, n. 1. We recognize that the Wisconsin

Supreme Court made an independent review of the two publications involved in petitioner's conviction under the *Roth-Memoirs* test, and reached a conclusion contrary to ours. *State v. Amato,* 49 Wis.2d 638, 183 N.W.2d 29. We note, however, that the Wisconsin court did not have the benefit of the comparative analysis utilized by the district court and this court. More importantly, where a state conviction is obtained in violation of fundamental federal constitutional rights, we should not hesitate to order a petitioner's release. *Fay v. Noia,* 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963); *Gregory v. Chicago,* 394 U.S. 111, 89 S.Ct. 946, 22 L.Ed.2d 134 (1969); 28 U.S.C. § 2254.